HENRICI (SHOUP v.). See Case No. 12,814.

HENRIETTA, The (HARRIS v.). See Case No. 6,121.

## Case No. 6,370.

### In re HENRY et al.

[9 Ben. 449; [1] 17 N. B. R. 463.]

District Court, S. D. New York. April 24, 1878.

BANKRUPTCY—COMPOSITION — SECOND MEETING— REGULARITY—FAILURE OF PARTNER TO SIGN PETITION—EFFECT OF MISTAKE.

1. Where objection was made to the regularity of composition proceedings in the case of a bankrupt firm, because by mistake the mem-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

ber who was considered to be a special partner took no part in the proceedings, nor even signed the petition for composition, because liabilities alleged to be fictitious were included in the schedules—one being the amount put in by said special partner, and others notes of the firm held by parties who on other accounts were indebted to the firm—and because the composition did not provide how and when the bankrupts should be re-invested with their property when the composition was fulfilled: *Held*, that none of these irregularities, being the effects of mistake and not of fraud, would be considered fatal to the validity of the proceedings; but that, the special partner being in fact a general partner. and not entitled to vote as a creditor, it must appear that the requisite number had signed the composition without counting him.

[Cited in Re Griffith, Case No. 5,820.]

2. Refusal or neglect to sign a petition for a composition by one of the partners, unless fraudulent, will not render the proceeding invalid as against the other partners, though it may well deprive the one who fails to sign of all benefit of it.

In bankruptcy.

T. Saunders, for bankrupts.
Amos G. Hull, for opposing creditors.

CHOATE, District Judge. This is a motion for an order calling the second meeting in composition. Several objections are made by opposing creditors. Henry, Curran, and Bowen filed their petition as partners under the firm-name of John F. Henry, Curran & Co., and were adjudicated bankrupts February 12th, 1878. Charles A. Gillis, then supposed to be a special partner in the firm, was in fact a general partner, not having complied with the statute requiring the special partner's capital to be paid in, in cash. Proceedings for composition were commenced February 18th, 1878, and the notice for the first meeting of creditors to consider the composition was made returnable March 25th, 1878. That meeting was held, and the composition was proposed to the creditors by the original petitioners, Henry, Curran, and Bowen, and signed by them. They attended and were examined, and the composition was approved by a large majority of the creditors. The objections now made to the regularity of the proceedings are as follows:

1. It is objected that the proceedings are void and without jurisdiction, because Gillis, a member of the firm, did not join therein, and did not attend the meeting, nor sign the proposition of composition. It seems clear, however, that composition proceedings may take place in any pending case of bankruptcy. Rev. St. § 5103. It is also clear that in case of a partnership the petition may be filed by one or more of a firm. Section 5121. There can be no doubt that upon the filing of such a petition there is a "pending case" in bankruptcy. The fact, therefore, that Gillis did not join in the original petition or in the composition proceedings, does not prevent the court from getting jurisdiction as to the other

partners. If by mistake one of the partners fails to join in the petition, or those who do join in the petition make a mistake in describing the partnership as composed of three partners instead of four, as is the fact in this case, there seems no good reason why this mistake should not be remedied by amendment. An amendment has been allowed to bring in as petitioner a copartner, although the original petition was filed by a single petitioner and was not based upon any allegations of partnership at all. In re Little [Case No. 8,390]. Whether there is an amendment or not, it is not perceived why the proceeding cannot go on for the benefit of those partners who do join in the petition, nor why the creditors should not have the benefit of a composition offered by those partners, especially where, as in this case, the partner left out is not vested with any control or possession of the partnership, he being a general partner so far as liabilities are concerned (1 Rev. St. N. Y. 764), but still, by the terms of the copartnership, having no interest in the assets except to be repaid his special capital on the liquidation. The right of the creditors as against him, if he is not brought in, seems not to be impaired. If the ground taken by the opposing creditors in this case is sound, one partner, by refusing to join in the proceeding or to sign the composition or to attend and be examined, can entirely prevent his copartners and the creditors of the firm from receiving the relief which the composition proceedings are designed to give in all cases. This cannot be the intent of the law. A refusal to join, to attend, to sign, or to be examined, may well deprive the one refusing of all benefit of the composition, but unless the refusal or neglect to join is the result of some fraud on the part of those partners who do carry on the proceedings, it is no reason for avoiding those proceedings as to them, and their signing the composition and attending the meeting and submitting to the examination is a substantial compliance with the requirement of the statute that the debtor must sign, must attend, etc. For the purpose of those proceedings they are the debtors. The concealment of the fact that there was another partner, not made a party to the composition, might be a good ground for setting aside a composition or opening the proceedings and allowing creditors to change their votes, but here there was no concealment. It was originally a case of ignorance, not of concealment—a case of mistake and not of fraud—and at the first meeting, and before the creditors voted, all the facts relative to Gillis' connection with the firm were disclosed.

In the present case, however, an amendment has been allowed, making Gillis a party to those proceedings. On the 4th of April a new petition was filed by all the partners, including Gillis, reciting the former mistake and proceeding, and on that pe-

tition they have all been adjudicated bankrupt. What the effect of this amendment is on Gillis's rights under the composition is not in question now. The question is, are these proceedings fatally irregular and void as to any of the partners. It is obvious that they are not. The case of In re Plumb [Case No. 11,231], has no application, because in that case there was no adjudication or intent to adjudicate the bankruptcy of the firm in question, but there was an adjudication of one member of a firm individually, and an adjudication of the other members of the firm as copartners composing a distinct firm of which the person adjudicated individually was not a member. It was held that these two adjudications did not in effect constitute the adjudication of the other firm of which all the parties were members, and gave the court no jurisdiction over the estate of such other firm. In the present case the firm of J. F. Henry, Curran & Co. was the same firm whose adjudication was sought in the original petition. In re Plumb [supra] was not a case of a defective petition and an amendment of it.

2. It is also objected that the proceedings are void for fraud in including fictitious liabilities in the schedules. This is a question that will be more properly disposed of after the second meeting. Most of the alleged frauds. however, are obviously not frauds at all. Thus, the stating of the amount of the special capital of Gillis as a liability was not a fraudulent statement on the evidence. The other partners then supposed him to be a special partner, and though his claim against the assets as such special partner would be postponed to those of other creditors, still it was properly described as a liability as they then understood it. So the inserting in the schedules of various notes of the firm, held by parties who on other accounts were indebted to the firm, was not apparently a fraud. Debtors preparing their schedules are not presumed to know where their paper is, or what rights holders thereof may have acquired, although the circumstances under which it was first issued may be known to them to be such as not to make it a valid claim in the hands of the first takers. And the only safe way for debtors is to set down in the schedules all the paper that they may be liable on in the schedule of liabilities, with proper explanations in regard to them; and it is not shown in this case that the statements in the schedules were such as to mislead, or did mislead, any creditor.

3. There is no invalidity in the proposed composition in not providing how and when the bankrupts shall be reinvested with their property, nor any uncertainty in the terms of the trust provided for by way of security for its performance.

4. There being, then, no irregularity fatal to the validity of the proceedings, the only question is whether the resolutions were passed by the requisite majority. The register reports that they were, but it also appears by his report that the co-partner, Gillis, voted as a creditor in the affirmative. It is obvious, that being a partner he had no right to vote at all. If the firm is indebted to him, his claim, whatever is its nature, is necessarily postponed till all the creditors are paid. It is not certain on the report that his vote was not necessary to make up the majority that is reported. The register will, therefore, be directed to make a supplemental report of the proceedings at the first meeting, showing the number of creditors whose debts exceed $50 who voted in the affirmative, exclusive of Charles A. Gillis, and also the aggregate amount of the debts proved by those creditors exclusive of said Gillis who voted in the affirmative, also the number of creditors whose debts exceeded $50 who appeared at said meeting in person or by proxy, and the aggregate amount of the debts proved by the creditors who so appeared at said meeting, exclusive of said Gillis.

Other affirmative votes are challenged on the ground that the testimony taken discloses that the creditors casting them either had no right to vote at all, or only for an amount much smaller than the amounts set against their names in the list showing the votes as given by the register. The register does not certify that their votes were given for these amounts, and the presumption is that they voted only on the amounts for which they proved their debts. The register will, however, in his supplemental report. show whether any of the following creditors whose votes are objected to, voted in the affirmative, and if so, on what amount: A. L. Scovill & Co.. Hegeman & Co., Henry Johnson & Lord, F. Brown, P. W. Hoagland, and E. J. Dunning. Jr. Order to be entered accordingly, and case stand for further argument on such supplemental report for Saturday, April 27th.